**OUTTEN & GOLDEN LLP**
Ossai Miazad
Christopher M. McNerney
3 Park Avenue, 29th Floor
New York, New York 10016
(212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC KEELS, individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| THE GEO GROUP, INC. and ACCURATE BACKGROUND, INC., | |
| Defendants. | |

Plaintiff Eric Keels ("Plaintiff" or "Keels"), individually and on behalf of all others similarly situated, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### STATEMENT OF THE CASE

1.      Plaintiff Eric Keels ("Keels or "Plaintiff") brings this case as a class action pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the New York State Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq.*, against the GEO Group, Inc. ("GEO") and Accurate Background, Inc. ("Accurate") (with GEO, "Defendants").

2.      GEO routinely rejects job applicants, including Mr. Keels, based on information contained in background check reports ("consumer reports") that it obtains from background

check companies called "consumer reporting agencies" or "CRAs," such as Accurate.

3.    In doing so, GEO fails to strictly comply with federal law governing the procurement and use of consumer reports for employment purposes.

4.    Accurate provides consumer reports to companies, including GEO, to be used for employment purposes, such as making hiring decisions.

5.    In doing so, Accurate fails to strictly comply with federal law governing the procurement and use of consumer reports for employment purposes.

6.    GEO systemically violates section 1681b(b)(3)(A) of the FCRA by using consumer reports to make adverse employment decisions without first providing the applicant who is the subject of the report with sufficient and timely notification of its intent to take an adverse action, a copy of the report, and a summary of the applicants' rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

7.    Accurate also violates section 1681b(b)(3)(A) of the FCRA by failing to timely provide applicants with appropriate pre-adverse action disclosures, including a copy of the relevant consumer report and a written description of the applicant's rights under the FCRA, in violation of FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

8.    Accurate has further violated the FCRA by failing to notify job applicants when it furnishes consumer reports that are likely to adversely affect the applicant's ability to obtain employment and failing to follow strict procedures to ensure the timely and complete nature of those reports, in violation of U.S.C. § 1681k(a).

9.    Defendants have also violated the NY FCRA by failing to provide job applicants with a copy of Article 23-A of the Correction Law, in violation of N.Y. Gen. Bus. Law § 380-g(d).

10.     Defendants have violated the above-mentioned provisions of the FCRA willfully and pursuant to their respective companywide policies and procedures.

11.     On behalf of himself and others similarly situated, Plaintiff seeks injunctive and declaratory relief; statutory and/or actual and/or real damages; punitive damages; pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses associated with this action.

## PARTIES

**Plaintiff**

12.     Mr. Keels is an African American man with a criminal record who lives in Long Island City, Queens, New York.

13.      Mr. Keels, and other GEO job applicants, are "consumers" as defined by the FCRA and New York FCRA.

**Defendants**

### GEO

14.     GEO is a Florida corporation with a corporate headquarters located at 621 NW 53rd Street, Suite 700, Boca Raton, Florida, 33487-8242.

15.     It is in the business of incarceration, operating private, for-profit prisons throughout the world.

16.     GEO employs approximately 20,500 employees, managing approximately 105 correction, detention and residential treatment facilities totaling approximately 87,000 beds throughout the United States, Australia, South Africa, and the United Kingdom.

17.     The vast majority of GEO's business is in the United States, where it operates 64 correctional facilities, totaling approximately 71,973 beds.

18.     GEO operates the Queens Detention Facility, within Queens County in the State of New York, at 182-22 150th Avenue, Jamaica, NY 11413.  The Queens Detention Facility houses primarily pre-sentence detainees, and has an approximately 222 bed capacity.

19.     At all relevant times, GEO has been a "person" using "consumer reports" of Mr. Keels and similarly situated applicants for "employment purposes," and has taken "adverse action" against Plaintiff and similarly situated applicants, as defined by the FCRA and NY FCRA.  These adverse actions have been based wholly or in part on those consumer reports.

**<u>Accurate</u>**

20.     Accurate is a California corporation with a corporate headquarters located at 7515 Irvine Center Drive, Irvine, California, 92618.

21.     Upon information and belief, at all relevant times, Accurate has been a "consumer reporting agency" and "person" within meaning of the FCRA and NY FCRA.

22.     Among its services, Accurate provides "consumer reports," as defined by the FCRA and NY FCRA.

23.     Accurate provides background checks to approximately 6,500 corporate clients.

24.     Accurate provides background checks to companies in New York State, including GEO.

25.     Accurate mailed its background check to Plaintiff's address in Long Island City, Queens, New York.

26.     Upon information and belief, at all relevant times, Accurate has been a "consumer reporting agency" and "person" within meaning of the FCRA and NY FCRA.

27.     Upon information and belief, at all relevant times, Accurate has regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for

the purpose of furnishing consumer reports.

## JURISDICTION AND VENUE

28.     This Court has original subject matter jurisdiction over Mr. Keel's FCRA claims

pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and jurisdiction over Mr. Keel's NY FCRA

claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

29.     Plaintiff's NY FCRA claims are so closely related to the FCRA claims that they

form part of the same case or controversy under Article III of the United States Constitution

30.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants

conduct business and can be found in this district and a substantial part of the events and

omissions giving rise to the claims alleged herein occurred in this District.

31.     The Court has personal jurisdiction over this matter because Defendants are doing

business in this District, and because many of the unlawful acts described herein occurred in this

District and gave rise to the claims alleged.

## STATEMENT OF FACTS

**Mr. Keel's Experience**

32.     Mr. Keels has a criminal record.

33.     In approximately August 2013, Mr. Keels applied for a position as a cook at

GEO's Queens Detention Facility.

34.     Mr. Keels has a Certificate in the program of Restaurant Management from the

New York Restaurant School, which is a college of culinary arts and restaurant management.

35.     Mr. Keels has years of experience in the culinary industry and as a cook.

36.     Shortly after applying, Jerry Morgan, GEO's Food Services Director, called Mr.

Keels and asked him to interview at GEO's Queens Detention Facility for the cook position.

37.     Shortly thereafter, Mr. Keels was interviewed by Mr. Morgan and several other

GEO employees at GEO's Queens Detention Facility.

38.    At that interview, Mr. Morgan told Mr. Keels that he was going to offer Mr. Keels the position as cook.

39.    Shortly thereafter, GEO brought Mr. Keels in for a second interview where Mr. Keels interviewed with several GEO employees including Mr. Morgan, Mr. Morgan's supervisor, the head of security, and a female HR employee.

40.    At that interview, Mr. Morgan again informed Mr. Keels that he had the job.

41.    During one of those two interviews, GEO provided Mr. Keels with an authorization form to run a background check, which Mr. Keels signed.

42.    At these two interviews, Mr. Keels was extensively questioned about his culinary experiences, and answered the questions asked to the satisfaction of Mr. Morgan and the other interviewers.

43.    On or about October 7, 2013, GEO requested that Accurate run a consumer report on Mr. Keels.

44.    By October 16, 2013, Accurate states that it had completed the background check on Mr. Keels.

45.    Around approximately Thanksgiving, the GEO HR employee who had interviewed Mr. Keels called Mr. Keels and told him that issues had arisen in his consumer report pertaining to his criminal record and credit history.

46.    That GEO HR employee informed Mr. Keels that he was being denied employment because of the information contained in the consumer report.

47.    That GEO HR employee also told Mr. Keels that the United States Marshals at the prison did not want anyone to work in the prison who had been in prison, like Mr. Keels.

48.    At that point, Mr. Keels had not received any notification that GEO and Accurate had run a consumer report on him.

49.    Months later, on February 19, 2014, Mr. Keels received a letter from Accurate, carbon copying GEO.  That letter enclosed the consumer report that had been requested by GEO in connection with Plaintiff's job application.  That letter did not include a statement of rights under Article 23-A of the N.Y. Correction Law ("Correction Law"), N.Y. Corr. Law § 750 *et seq.*

50.    During the entire relevant period, Mr. Keels resided at the address that he provided to GEO in conjunction with his application.

**Factual Allegations Common to All Class Members**

*The Fair Credit Reporting Act*

51.    Employers commonly use criminal background screening reports to determine employment eligibility.  A significant percentage of these reports, however, contain incomplete, inaccurate, misleading, or improper records that can erroneously disqualify a job applicant or employee.  Recognizing this danger, Congress provided strict reporting and disclosure requirements in the FCRA to ensure that prospective employees have the opportunity to review reports summarizing their background information and to contest any inaccuracies and illegal disclosures and/or provide additional information before these reports influence employment decisions.

52.    The FCRA requires that "before taking any adverse action based in whole or in part on [a consumer report]," the employer taking the adverse action must provide "the consumer to whom the report relates" with:

    (i)    a copy of the report; and

      (ii)     a description in writing of the rights of the consumer under this subchapter, as prescribed by the [Consumer Financial Protection] Bureau under section 1681g(c)(3).

15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

53.     The FCRA defines adverse action as either "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee," or "an action taken or determination that is . . . adverse to the interests of the consumer."  15 U.S.C. § 1681a(k)(1)(B).

54.     A consumer reporting agency's delivery of a consumer report containing information likely to prove detrimental to the consumer's ability to secure employment is an "adverse action" in itself under this section.  GEO and Accurate have routinely and systematically failed to provide Plaintiff and other job applicants with a copy of their consumer reports before taking adverse actions against them.

55.     GEO and Accurate further have routinely and systematically failed to provide Plaintiff and other job applicants with a summary of their rights under the FCRA before taking adverse actions against them.

56.     The FCRA mandates that any consumer reporting agency that "furnishes a consumer report for employment purposes" and, in so doing, "compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon the consumer's ability to obtain employment" shall:

      (i)     at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

      (ii)    maintain strict procedures designed to [ensure] that whenever public record information which is likely to have an adverse effect on a

consumer's ability to obtain employment is reported it is complete and up to date.

U.S.C. § 1681k(a)(1) and (2).

57.     Accurate routinely and systematically fails to provide consumers with timely notice of its reporting of public-record information likely to have an adverse effect on the consumer's ability to obtain employment.  Accurate also routinely and systematically fails to maintain strict procedures to ensure that the public record information that it reports is complete and current.

58.     In failing to fulfill either of these obligations, Accurate systematically violates 15 U.S.C. § 1681k(a).

59.     Defendants have acted willfully in violating the requirements of the FCRA. Defendants knew or should have known about their obligations under the FCRA.  These obligations are well-established by the plain language of the FCRA and in the promulgations and opinion letters of the Federal Trade Commission.

60.     Despite Defendants' awareness of their legal obligations, Defendants have acted consciously in breaching their known duties and depriving Plaintiff and other job applicants of their rights under the FCRA.

61.     At a minimum, Defendants' conduct has been reckless in failing to make an appropriate inquiry to ascertain its obligations under the FCRA.

***The NY FCRA***

62.     The NY FCRA requires that:

When a consumer reporting agency provides a consumer report that contains criminal conviction information, permitted by paragraph one of subdivision (a) of section three hundred eighty-j of this article, to a user, the person, firm, corporation or other entity requesting such report shall provide the subject of such report a printed or electronic copy of article twenty-three-A of the correction law

governing the licensure and employment of persons previously convicted of one or more criminal offenses.

N.Y. Gen. Bus. Law § 380-g(d).

63.     "The public policy of [New York] state, as expressed in [its Correction Law], [is] to encourage the licensure and employment of persons previously convicted of one or more criminal offenses."  N.Y. Corr. Law § 753(1)(a).

64.     GEO and Accurate have routinely and systematically failed to provide Plaintiff and other job applicants with a summary of their rights under the NY FCRA before taking adverse actions against them.

65.     Defendants have acted willfully in violating the requirements of the NY FCRA. Defendants knew or should have known about their obligations under the NY FCRA.  These obligations are well-established by the plain language of the NY FCRA.

66.     Despite Defendants' awareness of their legal obligations, Defendants have acted consciously in breaching their known duties and depriving Plaintiff and other job applicants of their rights under the NY FCRA.

67.     At a minimum, Defendants' conduct has been reckless in failing to make an appropriate inquiry to ascertain its obligations under the NY FCRA

## CLASS ACTION ALLEGATIONS

68.     Plaintiff Keels brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and seven classes of persons.

69.     Plaintiff asserts the First, Second, Fourth and Fifth Causes of Action against GEO and Accurate on behalf of the "FCRA Consumer Report Copy Class"  and "FCRA Summary of Rights Class" defined as follows:

**FCRA Consumer Report Copy Class:** All applicants for employment with GEO in the United States within five years of the filing of this complaint through the

date of final judgment who were subject to an adverse action based in whole or in part on information contained in a consumer report without receiving a copy of the consumer report before the adverse action, as required by 15 U.S.C. § 1681b(b)(3)(A)(i).

**FCRA Summary of Rights Class:** All applicants for employment with GEO in the United States within five years of the filing of this complaint through the date of final judgment who were subject to an adverse action based in whole or in part on information contained in a consumer report without receiving a written description of their rights under the FCRA before the adverse action, as required by 15 U.S.C. § 1681b(b)(3)(A)(ii).

70.    Plaintiff asserts the Sixth Cause of Action against Accurate on behalf of the

"Adverse Public-Record Information Class" defined as follows:

**Adverse Public-Record Information Class:** All applicants for employment with GEO in the United States, within five years of the filing of this complaint through the date of final judgment about whom Accurate delivered a consumer report to GEO containing public-record information likely to adversely affect the applicant's ability to obtain employment without either providing advance notice to the affected applicant or maintaining strict procedures to ensure the information reported was complete and up to date, as required by 15 U.S.C. § 1681k(a).

71.    Plaintiff asserts the Third and Seventh Causes of Action against Accurate and

GEO on behalf of the "NY FCRA Summary of Rights Class" defined as follows:

**NY FCRA Summary of Rights Class:** All applicants for employment with GEO in the United States within five years of the filing of this complaint through the date of final judgment who were subject to an adverse action based in whole or in part on information contained in a consumer report without receiving a written description of their rights under Article 23-A of the N.Y. Correction Law before the adverse action, as required by N.Y. Gen. Bus. Law § 380-g(d).

72.    The members of these classes are collectively referred to as "Class Members."

73.    Plaintiff reserves the right to amend the definition of the Class based on discovery

or legal developments.

74.    The members of the Classes identified herein are so numerous that joinder of all

members is impracticable.  GEO employs approximately 20,500 workers worldwide, with the

vast majority located within the United States.  Although Plaintiff does not know the precise

11

number of job applicants with criminal records who received consumer reports from Accurate or who were denied employment at GEO, the number is far greater than can be feasibly addressed through joinder. The precise number is also uniquely within Defendants' possession.

75. There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include, among others:

     a. whether Defendants' policies and practices violate the FCRA and NY FCRA;

     b. whether Defendants were willful in their noncompliance with the requirements of the FCRA and NY FCRA;

     c. whether Defendants were negligent in their noncompliance with the requirements of the FCRA and NY FCRA; and

     d. whether equitable remedies, injunctive relief, statutory damages, and punitive damages for Class Members are warranted.

76. Plaintiff is a member of the classes he seeks to represent.

77. Plaintiff's claims are typical of the claims of the classes he seeks to represent. Upon information and belief, it is Defendants' standard practice to take adverse action against applicants without first providing affected individuals with a copy of their consumer reports and a written summary of their rights under the FCRA and NY FCRA. Upon information and belief, it is Accurate's standard practice to deliver to GEO public-record information likely to prove detrimental to the ability of applicants to obtain employment without first (a) notifying the applicants of the fact that the public record information is being reported and the name and address of the recipient; or (b) maintaining strict procedures to ensure the information is complete and up to date. Plaintiff is entitled to relief under the same causes of action as other Class Members.

78.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff has retained Counsel who are competent and experienced in complex class actions, employment litigation, and the intersection thereof.  There is no conflict between Plaintiff and the Class Members.

79.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Defendants have acted and/or refused to act on grounds generally applicable to the Class Members, making declaratory and injunctive relief appropriate with respect to Plaintiff and the Class Members as a whole.   The Class Members are entitled to injunctive relief to end Defendants' common, uniform, unfair discriminatory—and illegal—policies and practices.

80.      Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies and practices.  Because Defendants have maintained a common policy of failing to properly inform Class Members of their rights under the FCRA and NY FCRA, many Class Members are likely unaware that their rights have been violated.

81.     The amount of each Class Member's individual claim is also small compared to the expense and burden of individual prosecution of this litigation.  The FCRA has statutorily specified damages, which Class Members will prove at trial are warranted, that will render calculation of damages for Class Members highly straightforward.  The propriety and amount of

punitive damages are based on Defendants' conduct, making these issues common to Class Members.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**GEO's Failure to Provide Consumer Report Copies Before Taking Adverse Action
(15 U.S.C. § 1681b(b)(3)(A)(i), Brought by Plaintiff on Behalf of
Himself and the FCRA Consumer Report Copy Class)**

82.     Plaintiff incorporates the preceding paragraphs as alleged above.

83.     GEO procured consumer reports containing information regarding Plaintiff and the FCRA Consumer Report Copy Class Members from a consumer reporting agency.

84.     GEO took adverse employment actions against Plaintiff and the FCRA Consumer Report Copy Class Members based in whole or in part on the information contained within those consumer reports.

85.     Before taking these adverse employment actions, GEO failed to provide Plaintiff and each FCRA Consumer Report Copy Class Member with a copy of his or her consumer report and a reasonable amount of time to respond.

86.     As a result of GEO's actions, Plaintiff and the FCRA Consumer Report Copy Class Members have been deprived of their consumer rights and prevented from timely and effectively contesting the adverse action.

87.     GEO's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.     Alternatively, GEO's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF
**GEO's Failure to Provide Summary of FCRA Rights Before Taking Adverse Action
(15 U.S.C. § 1681b(b)(3)(A)(ii), Brought by Plaintiff on Behalf of
Himself and the FCRA Summary of Rights Class)**

89.     Plaintiff incorporates the preceding paragraphs as alleged above.

90.     GEO procured consumer reports containing information regarding Plaintiff and the FCRA Summary of Rights Class Members from a consumer reporting agency.

91.     GEO took adverse employment actions against Plaintiff and the FCRA Summary of Rights Class Members based in whole or in part on the information contained within those consumer reports.

92.     Before taking these adverse employment actions, GEO failed to provide Plaintiff and each FCRA Summary of Rights Class Member with a summary of his or her rights under FCRA and a reasonable amount of time to respond.

93.     As a result of GEO's actions, Plaintiff and the FCRA Summary of Rights Class Members have been deprived of their consumer rights and prevented from timely and effectively contesting the adverse action.

94.     GEO's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.     Alternatively, GEO's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF
**GEO's Failure to Provide Summary of NY FCRA Rights Before Taking Adverse Action
(N.Y. Gen. Bus. Law § 380-g(d), Brought by Plaintiff on Behalf of
Himself and the NY FCRA Summary of Rights Class)**

96.     Plaintiff incorporates the preceding paragraphs as alleged above.

97. GEO procured consumer reports containing information regarding Plaintiff and the NY FCRA Summary of Rights Class Members from a consumer reporting agency.

98. GEO took adverse employment actions against Plaintiff and the NY FCRA Summary of Rights Class Members based in whole or in part on the information contained within those consumer reports.

99. Before taking these adverse employment actions, GEO failed to provide Plaintiff and each NY FCRA Summary of Rights Class Member with a copy of Article 23-A of the Correction Law, in violation of N.Y. Gen. Bus. Law § 380-g(d).

100. As a result of GEO's actions, Plaintiff and the NY FCRA Summary of Rights Class Members have been deprived of their rights and prevented from timely and effectively contesting the adverse action.

101. GEO's conduct was willful, making it liable for actual damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law § 380-l.

102. Alternatively, GEO's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to N.Y. Gen. Bus. Law § 380-m.

## FOURTH CLAIM FOR RELIEF
**Accurate's Failure to Provide Consumer Report Copy Before Taking Adverse Action
(15 U.S.C. § 1681b(b)(3)(A)(i), Brought by Plaintiff on Behalf of
Himself and the FCRA Consumer Report Copy Class)**

103. Plaintiff incorporates the preceding paragraphs as alleged above.

104. Accurate has compiled and delivered to GEO consumer reports containing information regarding Plaintiff and the FCRA Consumer Report Copy Class Members that were likely to prove harmful to the ability of Plaintiff and the FCRA Consumer Report Copy Class Members to obtain employment.

105.    Each instance of delivery of this information constituted an adverse action as defined by FCRA and prevailing case law.

106.    Before taking these adverse employment actions, Accurate failed to provide Plaintiff and each FCRA Consumer Report Copy Class Member with a copy of his or her consumer report.

107.    As a result of Accurate's actions, Plaintiff and the FCRA Consumer Report Copy Class Members have been deprived of their consumer rights and prevented from timely and effectively contesting the adverse action.

108.    Accurate's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

109.    Alternatively, Accurate's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**FIFTH CLAIM FOR RELIEF**
**Accurate's Failure to Provide Summary of Rights Before Taking Adverse Action**
**(15 U.S.C. § 1681b(b)(3)(A)(ii), Brought by Plaintiff on Behalf of**
**Himself and the FCRA Summary of Rights Class)**

110.    Plaintiff incorporates the preceding paragraphs as alleged above.

111.    Accurate has compiled and delivered to GEO consumer reports containing information regarding Plaintiff and the FCRA Summary of Rights Class Members that were likely to prove harmful to the ability of Plaintiff and the FCRA Summary of Rights Class Members to obtain employment.

112.    Each instance of delivery of this information constituted an adverse action as defined by FCRA and prevailing case law.

113.    Before taking these adverse employment actions, Accurate failed to provide

17

Plaintiff and each FCRA Summary of Rights Class Member with a summary of his or her rights under FCRA.

114.    As a result of Accurate's actions, Plaintiff and the FCRA Summary of Rights Class Members have been deprived of their consumer rights and prevented from timely and effectively contesting the adverse action.

115.    Accurate's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.    Alternatively, Accurate's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**SIXTH CLAIM FOR RELIEF**
**Accurate's Failure to Either Provide Notice or Maintain Strict Procedures to Ensure Completeness and Currency of Public-Record Information**
**(15 U.S.C. § 1681k(a), brought by Plaintiff on Behalf of Himself and the Adverse Public-Record Information Class Members)**

117.    Plaintiff incorporates the preceding paragraphs as alleged above.

118.    Accurate compiled consumer reports for GEO containing information regarding Plaintiff and the Adverse Public-Record Information Class Members.

119.    Accurate included in these reports information available through public records that was likely to adversely affect the ability of Plaintiff and the Adverse Public-Record Information Class Members to obtain employment.

120.    Before taking these adverse employment actions, Accurate failed to either:

a.    inform Plaintiff and the Adverse Public-Record Information Class Members of the adverse information contained in the reports as well as the name and address of the report's recipient; or

b.    maintain strict procedures intended to ensure that the information contained in the reports was complete and up to date.

121.    As a result of Accurate's actions, Plaintiff and the Adverse Public-Record Information Class Members have been deprived of their consumer rights and denied the ability to ensure that the information likely to adversely impact their ability to obtain employment was complete and up to date.

122.    Accurate's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.    Alternatively, Accurate's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

**SEVENTH CLAIM FOR RELIEF**
**Accurate's Failure to Provide Summary of NY FCRA Rights**
**Before Taking Adverse Action**
**(N.Y. Gen. Bus. Law § 380-g(d), Brought by Plaintiff on Behalf of**
**Himself and the NY FCRA Summary of Rights Class)**

124.    Plaintiff incorporates the preceding paragraphs as alleged above.

125.    Accurate has compiled and delivered to GEO consumer reports containing information regarding Plaintiff and the NY FCRA Summary of Rights Class Members that were likely to prove harmful to the ability of Plaintiff and the NY FCRA Summary of Rights Class Members to obtain employment.

126.    Each instance of delivery of this information constituted an adverse action.

127.    Before taking these adverse employment actions, Accurate failed to provide Plaintiff and each NY FCRA Summary of Rights Class Member with a copy of Article 23-A of the Correction Law, in violation of N.Y. Gen. Bus. Law § 380-g(d).

128.    As a result of Accurate's actions, Plaintiff and the FCRA Summary of Rights Class Members have been deprived of their rights and prevented from timely and effectively

19

contesting the adverse action.

129.    Accurate's conduct was willful, making it liable for actual damages, punitive

damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to

N.Y. Gen. Bus. Law § 380-l.

130.    Alternatively, Accurate's actions were negligent, rendering it liable for actual

damages, and attorneys' fees and costs, pursuant to N.Y. Gen. Bus. Law § 380-m.

## **PRAYER FOR RELIEF**

131.    WHEREFORE, Plaintiff and Class Members pray for relief as follows:

(a)    Certification of the case as a class action on behalf of the proposed classes pursuant to Federal Rule of Civil Procedure 23;

(b)    Designation of Plaintiff Eric Keels as representative of Class Members;

(c)    Designation of Plaintiff's counsel of record as Class Counsel;

(d)    An order forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA and NY FCRA;

(e)    An award of actual, real and/or statutory damages for Defendants' willful or negligent conduct;

(f)    Punitive damages to deter future misconduct in an amount commensurate with Defendants' ability to pay;

(g)    Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(h)    Pre-judgment and post-judgment interest, as provided by law;

(i)    Payment of a reasonable service award to Plaintiff, in recognition of the services they have rendered and will continue to render to the Class Members, and the risks they have taken and will take; and

(j)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

132.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand

a trial by jury in this action.

Dated: New York, New York
           October 30, 2015

                              Respectfully submitted,

                              By:  __/s/ Ossai Miazad_____

                              **OUTTEN & GOLDEN LLP**
                              Ossai Miazad
                              Christopher M. McNerney
                              3 Park Avenue, 29th Floor
                              New York, New York 10016
                              Telephone:  (212) 245-1000
                              Facsimile:  (646) 509-2060

                              *Attorneys for Plaintiff and the Putative Class*